## MORRIS v. MORRIS et al.

(Supreme Court, Appellate Division, Second Department. April 7, 1916.)

1. PARTIES ⬅64—SUBSTITUTION—CHANGE OF POSITION—STATUTE.

Under Code Civ. Proc. § 723, permitting the court, at any stage of the action and on such terms as it deems just, to amend any process, pleading, etc., by adding or striking out the name of the person as a party, or by correcting a mistake in the name of a party, or where the amendment does not substantially change the claim or defense, by conforming the pleading to the facts shown, etc., did not authorize the amendment of a summons and complaint in an action by an administratrix against a subsequently appointed executor, impleaded with others, in an action to foreclose a mortgage from the executor to the deceased, by substituting the executor as sole party plaintiff, and permitting plaintiff as an interested person to intervene, since the order would compel the defendant in his representative capacity to prosecute the action against himself individually, and involve the estate in a litigation, without giving him the right to exercise his judgment as executor.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 95; Dec. Dig. ⬅64.]

2. ABATEMENT AND REVIVAL ⬅45—ADMINISTRATOR'S RIGHT OF ACTION—SUBSEQUENT PROBATING OF WILL.

Such plaintiff's right to maintain the action as the administratrix of the estate of her deceased husband ended when his will was subsequently admitted to probate and the executor therein named qualified.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 226–236; Dec. Dig. ⬅45.]

3. EXECUTORS AND ADMINISTRATORS ⬅438(5)—ACTION—PARTIES.

A legatee or next of kin, entitled to a distributive share of decedent's estate, is not entitled to be made a party to any suit or proceeding brought by the representative of the estate to recover assets of the decedent.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1772; Dec. Dig. ⬅438(5); Parties, Cent. Dig. §§ 17, 25.]

4. EXECUTORS AND ADMINISTRATORS ⬅507(1, 3)—ACTION—ACCOUNTING—STATUTE.

Where an executor fails in his duty to bring an action to recover assets of his testator, the estate may be protected upon the proceeding for accounting in the Surrogate's Court, under Code Civ. Proc. § 2679, with the right, under sections 2538, 2539, to have the fact determined by jury.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2004, 2005, 2178–2182, 2184; Dec. Dig. ⬅507(1, 3).]

Appeal from Special Term, Westchester County.

Action by Florence Morris, as administratrix, etc., of William H. Morris, deceased, against Thomas Morris, impleaded with others. From an order granting plaintiff's motion to amend her summons and complaint, the defendant Thomas Morris appeals. Reversed, and motion to amend complaint denied.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Michael J. Tierney, of New Rochelle, for appellant.
M. Michael Edelstein, of New York City, for respondent.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RICH, J.   The defendant Thomas Morris appeals from an order of the Special Term granting the plaintiff's motion for leave to amend her summons and complaint by making him, as executor, etc., of William H. Morris, deceased, the party plaintiff, and permitting the present plaintiff, Florence Morris, to intervene as a person interested in the action, and to serve such amended summons and complaint upon all of the defendants, including the appellant as such executor.

The plaintiff is the widow, and the defendant appellant a brother, of William H. Morris, formerly a resident of the city of Los Angeles, Cal., who died in that city on December 23, 1911.   On February 21, 1913, the plaintiff, as such widow, applied to the surrogate of the county of Westchester, N. Y., for letters of administration upon the estate of her deceased husband, which were granted to her.   Among the apparent assets of the deceased she claims to have found a bond and mortgage executed by the appellant and his wife to the deceased in 1908, given to secure the payment of the sum of $6,000, with interest, and in August, 1914, she commenced this action to foreclose the same. The appellant, answering, alleged among other things:

"Fourth.   That the bond and mortgage more particularly set forth in the complaint herein were made solely for the purpose, and with the express understanding and agreement between the parties thereto, of giving and bequeathing the sum of six thousand ($6,000) dollars to William H. Morris, the brother-in-law of this defendant, in the event of the death of the defendant Thomas Morris before him, and for no other purpose.

"Fifth.   That on or about the third (3d) day of October, 1908, the said William H. Morris, pursuant to the understanding and agreement above set forth, duly executed, acknowledged, and delivered to the defendants a satisfaction piece of the said mortgage, to the end that the same might be effectually canceled and discharged of record in the event that the said William H. Morris should predecease his brother, the defendant Thomas Morris, and that the said satisfaction piece has always been, and still is, in the possession of defendants, the lawful owners and holders thereof.

"Sixth.   That the said bond and mortgage set forth in the complaint have always been and now are in the possession of defendants; that the same were not executed for any debt or liability of this defendant, nor for any advance or loan to her, nor for any benefit or advantage to her or to her estate whatever; and that the same were made without any other consideration than above specified, have no being or existence, and are no lien or charge upon the real estate or personal property of this defendant."

Prior to May 29, 1914, a will, purporting to have been executed by the said William H. Morris, was found, in which the defendant Thomas was named as executor.   The will was admitted to probate, and letters testamentary were issued to the appellant, who duly qualified as executor.   The plaintiff thereupon moved for leave to amend the summons and complaint to permit her to sue individually as an interested person, and making the defendant Thomas Morris a defendant in his capacity as executor, as well as individually, and for an adjournment of the trial of the action.   The adjournment was granted, "to enable the plaintiff to obtain an order permitting a discontinuance of this action, or to bring such other action as the plaintiff may be advised," and leave to amend the summons and complaint was denied.   Subsequently an order was entered upon plaintiff's motion, substituting the appellant as executor in her place and stead as plaintiff, and permitting the

plaintiff, as an interested person, to intervene. The plaintiff takes $500 under the will, and by the provisions of the statutes of California she is entitled to hold as her own one-half of the personal property owned by her husband at the time of his death.

[1, 2] The order cannot be sustained unless it is authorized by the provisions of section 723 of the Code of Civil Procedure, which, so far as material, provides:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defence, by conforming the pleading or other proceedings to the facts proved. And, in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party."

No construction can be given to this section which will authorize the substitution of a party defendant for a sole party plaintiff, against his wishes and under the circumstances disclosed by this record. The plaintiff's right to maintain this action as the administratrix of the estate of her deceased husband ended when his will was admitted to probate and the executor therein named qualified. The effect of the order under review is to compel the defendant, in his representative capacity, to prosecute this action against himself individually, and involves the estate in a litigation without giving him the right to exercise his judgment and wishes, as executor, in the discharge of his duties. This right and responsibility rest primarily upon him.

[3] A legatee or next of kin, entitled to a distributive share of a decedent, is not entitled to be made a party to any suit or proceeding brought by the representative of an estate to recover assets of a decedent, and has no right under the laws of this state to compel an executor or administrator to bring an action against his wishes and judgment.

[4] If the executor fails in his duty, the estate will be protected upon the proceeding for accounting in Surrogate's Court. The contention of the respondent that, if the order be reversed, she will be deprived of her day in court as to a hearing on the question as to whether there is $6,000 owing from the defendant appellant to the estate of her deceased husband, is without merit. Under the provisions of section 2679 of the Code, as I have indicated, this question can be tried and determined in the Surrogate's Court, on the judicial settlement of the account of the executor, and upon such trial the respondent may have the questions of fact involved determined by a jury, if she so desires. Sections 2538, 2539, Code of Civil Procedure.

The order is reversed, with $10 costs and disbursements, and the motion to amend the complaint is denied, with $10 costs. All concur, except CARR, J., not voting.